UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHERRYL FRANKLIN,

       Plaintiff,

v.                                            Case No.  8:05-cv-2333-T-TBM

JO ANNE B. BARNHART,
**Commissioner of the United States**
**Social Security Administration,**

       Defendant.
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Dismiss Plaintiff's Complaint** (Doc. 13).  By her motion, Defendant seeks an Order dismissing Plaintiff's Complaint for lack of subject matter jurisdiction.  As grounds, Defendant contends Plaintiff's claim is not subject to judicial review under 42 U.S.C. § 405(g) and Califano v. Sanders, 430 U.S. 99 (1977), because she did not receive a final decision after a hearing on the merits of her case, Plaintiff has not alleged any permissible basis for waiver of the exhaustion requirement, and the Commissioner's determination that Plaintiff did not have good cause for missing the regulatory deadline to appeal the decision of the Administrative Law Judge is not subject to review.[1]  In support of her motion, Defendant submits the declaration of Patrick J. Herbst,

---

[1] The introductory and conclusion sections of the Defendant's motion urge dismissal on the basis that Plaintiff's claim is time-barred under 42 U.S.C. § 405(g) because Plaintiff did not commence this action within sixty days after receiving notice of the Commissioner's decision or within any time as extended by the Appeals Council.  See (Doc. 13 at 1-2, 12).  That clearly is not the case as Plaintiff's Complaint was filed timely and Defendant urges the above reasons for dismissal in the memorandum section of her motion.

Chief of the Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Hearings and Appeals, Social Security Administration. (Doc. 13-2). In response, Plaintiff contends that Defendant's instant motion is really one for summary judgment because it relies on documents outside of the pleadings, the record in this case is incomplete because there is no showing that the notices were mailed to herself and her attorney, and her Complaint was filed timely with this court. (Doc. 15). Thus, Plaintiff urges that dismissal is improper or, in the alternative, that her case be remanded for a hearing before an Administrative Law Judge to determine the merits of her disability claim. In support thereof, Plaintiff files her declaration (Doc. 16) and the declaration of her attorney, Nora Leto (Doc. 15-2). For the reasons set out herein, the Defendant's motion to dismiss (Doc. 13) is **GRANTED**.

I.

A procedural overview of this case proves useful. Plaintiff applied for disability insurance benefits (hereinafter "DIB") on October 15, 2002. (Doc. 1, ¶ 6). Her application was denied on April 29, 2003. (Doc. 13-2 at 4). Plaintiff submitted a request for reconsideration of this decision on July 1, 2003. Id. at 6. Plaintiff was represented at this time by Francis A. Solorzano, Esq.[2] Id. Her request for reconsideration was denied on

---

[2] The record reflects that Mr. Solorzano represented Plaintiff when she requested reconsideration, when she requested a hearing before an ALJ, when the ALJ issued his first notice of dismissal, and when the Appeals Council vacated the ALJ's decision and remanded her case. Thereafter, Nora Leto, Esq., represented Plaintiff when the ALJ again dismissed the Plaintiff's request, when the Appeals Council denied review, and on this instant litigation. This distinction may be one without a difference as Mr. Solorzano and Ms. Leto have and/or had the same address, namely, P.O. Box 73, Winter Haven, Florida, 33882.

October 2, 2003. Id. at 7. Plaintiff requested a hearing by an Administrative Law Judge (hereinafter "ALJ") on February 4, 2004. Id. at 9. The ALJ issued a Notice of Dismissal on March 8, 2005, finding that Plaintiff's request for a hearing was untimely and there was no explanation (i.e., no good cause) why her request was not filed timely. Id. at 10, 12. Plaintiff sought review of the ALJ's dismissal on March 14, 2005, alleging that neither she nor her attorney received a copy of the reconsideration denial. Id. at 14. On June 13, 2005, the Appeals Council vacated the ALJ's order of dismissal and remanded the case for further proceedings. Id. at 16. The Appeals Council instructed that the ALJ "should consider additional information to decide if the claimant had a good reason for not filing the request for hearing in a timely manner. If the [ALJ] finds that the claimant had a good reason, the claimant will be given an opportunity for a hearing." Id. On remand, the ALJ again dismissed Plaintiff's request for a hearing. Id. at 18. By order dated August 19, 2005, the ALJ found as follows:

> The evidence reveals that a reconsideration determination was sent to the claimant on October 2, 2003. The claimant filed a request for hearing on February 4, 2004, which is approximately 60 days late. The claimant contends that she did not receive the reconsideration determination. There is no indication in the record that shows that the claimant has changed her mailing address. The claimant has been residing at the same address at least since filing her initial application. All correspondence mailed to the claimant at her mailing address have not been returned by the Post Office. Accordingly, there is no good cause to extend the time for filing. Therefore, the claimant's request for hearing is hereby dismissed. The revised determination dated March 8, 2005, remains in effect.

Id. at 20-21. Plaintiff sought review of this dismissal. Id. at 22. In her letter requesting Appeals Council review, Plaintiff's attorney, Nora Leto, stated that the ALJ dismissed the

matter without further consideration, and "[t]here is no additional evidence to submit as the claimant and my office has never received the notice of reconsideration. We only learned of the decision by calling the [SSA]." Id. at 22. On October 19, 2005, the Appeals Council denied Plaintiff's request for review, finding that the information Plaintiff provided did not provide a basis for changing the ALJ's dismissal. Id. at 23.

On December 20, 2005, Plaintiff filed suit in this court seeking review of "the decision of the Appeals Council of the Social Security Administration upholding the decision of the Administrative Law Judge ("ALJ") denying the plaintiff such benefits." In Plaintiff's view, there is not substantial evidence to support the decision. Plaintiff contends that this court has jurisdiction to review the Commissioner's decision, pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c). (Doc. 1).

On April 3, 2006, Defendant filed her instant motion to dismiss Plaintiff's Complaint. As indicated above, Defendant argues that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction because a dismissal of a claimant's request for hearing is not a "final decision" made after hearing such that it falls within the jurisdictional purview of 42 U.S.C. § 405(g).

II.

A motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is a motion challenging the subject matter jurisdiction of the court. Jurisdiction may be attacked facially or factually. Morrison v. Amway Corp., 323 F.3d 920, 924 n. 5 (11th Cir. 2003). A facial attack on the complaint requires the court to consider whether the

plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion. Lawrence v. Dunbar, 919 F.2d 1525, 1529 (11th Cir. 1999). On the other hand, a factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered. Morrison, 323 F.3d at 925. Defendant's instant motion raises a facial challenge.

Generally, a motion to dismiss is treated as a motion for summary judgment and disposed of under Fed. R. Civ. P. 56 if a matter outside the pleadings is presented to and not excluded by the Court. Fed. R. Civ. P. 12(b). However, "the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, the documents attached to Defendant's motion and Plaintiff's response are central to Plaintiff's claim, and neither party disputes the authenticity of the documents.[3]

III.

The basic question presented by the instant motion is whether the court has subject matter jurisdiction to consider Plaintiff's appeal. The basis for judicial review of claims arising under Title II of the Act is provided in Sections 205(g) and (h) of the Act:

---

[3]The court is entitled to give unsworn statements signed under the penalty of perjury the same weight as affidavits, and such statements may therefore be considered on motions to dismiss and motions for summary judgment. See 28 U.S.C. § 1746; Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc., 982 F.2d 686, 690 (1st Cir. 1993).

>    (g)   Any individual, after any *final decision of the Commissioner of Social Security made after a hearing* to which [s]he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days of the mailing to [her] of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . .
>
>    (h)   The findings and decisions of the Commissioner of Social Security *after a hearing* shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewable by any person, tribunal, or governmental agency *except as herein provided*.

42 U.S.C. § 405(g), (h) (emphasis added).[4] As the Supreme Court has explained, these provisions "[c]learly limit judicial review to . . . a 'final decision of the [Commissioner] made after a hearing.'" Sanders, 430 U.S. at 108. The term "final decision," however, is not defined in the Act; rather, the meaning of the term has been "left to the [Commissioner] to flesh out by regulations." Weinberger v. Salfi, 422 U.S. 749, 766 (1975). Under the regulations, a decision becomes "final" when the plaintiff has exhausted her remedies by completing the four-step administrative review process.

The administrative process begins when an initial determination is made about a claimant's entitlement to benefits. 20 C.F.R. §§ 404.900(a)(1), 404.904. If the decision is adverse, the claimant may file a request for reconsideration within 60 days from the receipt of the initial determination. Id. at §§ 404.907, 404.909. If, upon reconsideration, a claimant's request is again denied, she may request a hearing before an ALJ. Id. at §§ 404.930, 404.933. Such a request must be submitted in writing within 60 days after the claimant receives notice

---

[4]It appears that Plaintiff applied for Title II benefits (disability insurance benefits), but not for Title XVI benefits (Supplement Security Income payments). See Doc. 1, ¶ 6). In any event, judicial review for SSI claims is also governed by 42 U.S.C. § 405. See 42 U.S.C. § 1383(c)(2).

of the previous determination or decision. Id. at § 404.933(b). If a claimant fails to do so within the 60 day time period, she may ask for more time to make her request. Id. at § 404.933(c). The request for an extension of time must be in writing and it must give the reasons why the request for a hearing was not filed within the stated time period.[5] Id. If "good cause" for missing the deadline is shown, the time period will be extended.[6] Id. An ALJ may dismiss a hearing request entirely if the claimant did not request a hearing within the stated time period and the time for doing so has not been extended under § 404.933(c). Id. at § 404.957(c)(3). Within 60 days after the date that a claimant receives notice of dismissal, she may request that the Appeals Council vacate the ALJ's dismissal of her request for a hearing. Id. at § 404.958. The dismissal of a request for a hearing is binding unless it is vacated by an ALJ or the Appeals Council. Id. at § 404.959.

IV.

For the reasons set forth below, I find that this court does not have jurisdiction to review Plaintiff's claim and Defendant's motion must be granted. Here, Plaintiff alleges that jurisdiction is proper pursuant to 42 U.S.C. § 405(g). As indicated above, that section provides for judicial review of a "final decision of the Commissioner of Social Security made

---

[5] The regulations do not provide a means for a claimant to request a hearing after the 60 day time period has expired. Thus, a belated request for a hearing is treated as a request for an extension of time to request a hearing.

[6] In determining whether a claimant has shown "good cause" for missing a deadline to request review, the SSA considers, among other things, the circumstances that kept the claimant from making the request on time. 20 C.F.R. § 404.911(a)(1). Good cause *may* exist if the claimant did not receive notice of the determination or decision. Id. at § 404.911(b)(7).

after a hearing . . ." See 42 U.S.C. § 405(g). No hearing was conducted in this case.[7] While most circuits, including the Eleventh, have addressed whether the Appeals Council's dismissal on grounds of untimeliness constitutes a final decision (when it is made after an ALJ hearing and decision), my research has failed to reveal any circuit addressing the exact issue presented here: whether jurisdiction exists under § 405(g) to review an ALJ's dismissal of a request for a hearing on grounds of untimeliness without good cause where no hearing was conducted and where the Appeals Council subsequently denied review. Nonetheless, the plain language of the statute and the regulations, as well as Supreme Court authority, dictate that jurisdiction does not exist under these circumstances. See 42 U.S.C. § 405(g) (requiring a final decision made after a hearing); Sanders, 430 U.S. at 108 (providing that a hearing must be "required," not just optional, before judicial review is available under § 405(g)); 20 C.F.R. § 404.903(j) (stating that an administrative action denying a request to extend the time period within which to request a hearing is not a determination that is subject to judicial review).[8]

This being said, I am mindful of the Eleventh Circuit's decision in Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983). In that case, the Eleventh Circuit held that an

---

[7]Although Plaintiff suggests that she was entitled to a hearing, nothing in the regulations provide that a claimant is entitled to a hearing on a dismissal on grounds of untimeliness without good cause and Plaintiff cites no authority demonstrating otherwise.

[8]As the Commissioner has recognized, the court nonetheless may review a SSA decision if a plaintiff alleges a colorable constitutional claim. See Sanders, 430 U.S. at 109. Here, the Plaintiff has not alleged or demonstrated one. To the extent that Plaintiff's pleadings are suggestive of a due process allegation, I find that Plaintiff has not raised a colorable constitutional claim. The regulations do not provide that a claimant has a right to a hearing before a claim is dismissed on the basis of untimeliness without good cause. Further, Plaintiff's counsel has indicated that she and Plaintiff have no additional evidence to submit on the matter.

Appeals Council dismissal on grounds of untimeliness without good cause of a request for review of an ALJ decision was a "final decision" made after a hearing within the meaning of § 405(g) and, therefore, subject to judicial review. See id. at 1239.  Because the claimant in that case had a hearing on the merits before an ALJ, the Eleventh Circuit did not address with specificity the statutory requirement that the final decision be one made after a hearing.  In this case, Plaintiff never had a hearing before an ALJ on the merits of her disability claim or on any other matter.  Additionally, the Appeals Council in this case did not *dismiss* Plaintiff's request for review on grounds of untimeliness without good cause as in Bloodworth.  Rather, it *denied* Plaintiff's request for review (i.e., it upheld the ALJ's dismissal of Plaintiff's request for a hearing on the basis of untimeliness without good cause).[9]  Although the Court in Bloodsworth stated that neither § 405(g) nor the regulations distinguish between dismissals and determinations on the merits and both are equally final and trigger a right to review, see 703 F.2d at 1237, the regulations make a clear distinction in regard to rights of judicial review between dismissals and determinations on the merits by an ALJ or the Appeals Council. Compare 20 C.F.R. §§ 404.959, 404.972, with 20 C.F.R. §§ 404.955, 404.981.  The factual differences between this case and Bloodsworth are more than semantics.  Regardless of whether the administrative decision in this case is final, and the regulations suggest that it is not, see, e.g., 20 C.F.R. §§ 404.902 and 404.903(j), the fact that no hearing was held in Plaintiff's case renders Bloodsworth non-controlling in this instance.

---

[9] When the Appeals Council *denies* a request for review, as was done here, the ALJ's opinion becomes the final decision. See 20 C.F.R. §§ 404.900, 404.955, 404.981. Significantly, if the ALJ's dismissal of Plaintiff's request for a hearing is the final decision in this case, the regulations provide that it is not the type of administrative action that is subject to judicial review. See 20 C.F.R. 404.903(j).

9

V.

Accordingly, for the reasons set forth above, the Commissioner's **Motion to Dismiss Plaintiff's Complaint** (Doc. 12) is **GRANTED**. The Plaintiff's Complaint is hereby **DISMISSED**, and the Clerk is directed to close this case.

**Done and Ordered** in Tampa, Florida, this 11th day of October 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record